```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JANE DOE,

                Plaintiff,                MEMORANDUM AND ORDER

         - against -                       21 Civ. 8371 (NRB)

ARTHUR FREYDIN, SARAH
MCLOUGHLIN, BASIC CREATIVE, LLC,
and TANDEM MARKETING, INC.,

                Defendants.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Jane Doe brings this action against her former employers, Arthur Freydin, his wife Sarah McLoughlin, and their companies Basic Creative, LLC and Tandem Marketing, Inc. (collectively, "defendants"), asserting various claims under New York State and City law for alleged sexual assault, sexual harassment, and surreptitious recording. Before the Court is plaintiff's motion to proceed anonymously under the pseudonym Jane Doe and for a protective order mandating that defendants keep plaintiff's identity confidential. For the following reasons, plaintiff's motion is denied.

I.  **BACKGROUND**

Plaintiff is a recent college graduate who began working for defendants in February 2021, first as a babysitter for McLoughlin and shortly thereafter as an assistant for Freydin at Basic Creative, LLC and Tandem Marketing, Inc., entities owned and operated by Freydin

and McLoughlin.  Compl. ¶¶ 38-39 (ECF No. 7).  Plaintiff alleges that as a condition of her employment, defendants required plaintiff to live in their apartment 4-to-5 nights per week and that plaintiff began doing so on or around August 28, 2021.  Id. ¶ 40.

Plaintiff's claims against defendants center on the following allegations.  First, plaintiff alleges that while she was working as an assistant, Freydin required plaintiff to pose for photographs in a state of undress while Freydin applied kinesiology tape to her neck and back, purportedly to demonstrate the application of the tape as part of the company's marketing efforts.  Compl. ¶¶ 42-43.  Second, plaintiff alleges that Freydin and McLoughlin placed hidden cameras in the bedroom and bathroom designated for her use when she was living at their residence and secretly recorded her.  Id. ¶¶ 46-48.  Plaintiff also alleges that defendants sexually harassed her and subjected her to a controlling work environment.  Id. ¶¶ 44-45, 88.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a), which requires that the title of a complaint name all the parties to a litigation, "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008). Nonetheless, in limited circumstances, courts may grant an exception to this rule and allow a plaintiff to proceed under a pseudonym when

the plaintiff's "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant." Id. at 189. In Sealed Plaintiff, the Second Circuit articulated a non-exhaustive list of ten factors for courts to consider when conducting this balancing test. Id.[1] However, the district court need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. at 191 n.4.

## III. DISCUSSION

Plaintiff argues that the first factor weighs in her favor because her claims involve "sexual assault, sexual harassment and unlawful, surreptitious recording of Plaintiff in areas demanding the utmost privacy – the bedroom and bathroom[,]" Pl's Mem. at 5 (ECF No. 10), and thus are "highly sensitive and of a personal nature." Sealed

---

[1] The Sealed Plaintiff factors are: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . .; (3) whether identification presents other harms and the likely severity of those harms. . .; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff...." 537 F.3d at 189-90(internal quotation marks and citations omitted).

Plaintiff, 537 F.3d at 190.  "[W]hile this factor supports granting Plaintiff's motion . . . the nature of Plaintiff's allegations alone does not suffice to permit her to proceed anonymously." Doe v. Gong Xi Fa Cai, Inc., No. 19 Civ. 2678 (RA), 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019); see also Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (concluding the first Sealed Plaintiff factor is not dispositive).  Indeed, courts in this District have denied motions to proceed anonymously in numerous cases involving allegations of sexual harassment and sexual assault.  See, e.g., Rapp v. Fowler, No. 20 Civ. 9586 (LAK), 2021 WL 1738349, at *1 (S.D.N.Y. May 3, 2021) (denying motion to proceed anonymously in case involving statutory rape); Doe v. Townes, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *1 (S.D.N.Y. May 12, 2020) (denying same motion in case involving sexual assault); Doe v. Weinstein, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (same); Skyline Automobiles, 375 F. Supp. 3d at 404 (denying same motion in case where plaintiff was "drugged and brutally raped").

Although plaintiff argues otherwise, the second and third factors, which consider the risk of harm to plaintiff if her identity is disclosed, do not favor her.[2]  To start, plaintiff argues that there is "great risk" of defendants retaliating against her by, for

---

[2] The related fourth factor does not weigh in plaintiff's favor, either.  As an adult, plaintiff cannot, and does not, contend that she is "particularly vulnerable to the possible harms of disclosure . . . in light of [her] age." Sealed Plaintiff, 537 F.3d at 190.

example, providing negative references to her prospective employers, and that such retaliation would deter potential witnesses from coming forward.  Pl's Mem. at 5-6.  This argument has no purchase where, as here, the defendants already know the plaintiff's identity.  See Doe v. United States, No. 16 Civ. 7256 (JGK), 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) (explaining that allowing plaintiff to proceed anonymously "would do nothing to protect him" from retaliation since defendant knows plaintiff's identity) (citations omitted).

In this regard, to justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity. See Gong Xi Fa Cai, 2019 WL 3034793, at *2 (finding anonymity was not warranted "absent more direct evidence linking disclosure of [plaintiff's] name to a specific physical or mental injury"); Fowler, 2021 WL 1738349, at *5 (explaining that at issue on a motion to proceed anonymously is whether public disclosure would cause unique harm above and beyond any harm caused by the underlying events); see also Skyline Automobiles, 375 F. Supp. 3d at 406 ("Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity.") (citation omitted); Abdel-Razeq v. Alvarez & Marsal, Inc., No. 14 Civ. 5601 (HBP), 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) ("[T]he

potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.").

The single case plaintiff cites in support of her claim of psychological injury, Doe v. Smith, cuts against plaintiff, who, unlike the plaintiff in Smith, has not submitted any corroborating medical testimony. See 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999). In Smith, the court concluded that the plaintiff satisfied her burden of demonstrating harm only after she submitted "specific evidence predicting that revelation of her identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." Id. (citing affidavit submitted by plaintiff's doctor); see also Doe No. 2. v. Kolko, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (concluding plaintiff's submissions, which included psychiatrist's declaration, "are sufficiently particularized and specific to establish a serious risk of harm to plaintiff's mental health"). As such, plaintiff's bald assertion that disclosure of her identity would subject her to "further mental harm, harassment, ridicule and personal embarrassment," Doe Aff. ¶ 4 (ECF No. 9 Ex. 1), supported only by her own affidavit, is insufficient.

Furthermore, it is not lost on the Court that plaintiff has chosen to inflict upon others the precise harm she now seeks to avoid: "having her name publicly tied to [defendants'] heinous acts." Pl's Mem. at 9-10. Specifically, plaintiff's Complaint needlessly exposes

identifying information about numerous non-parties, including defendants' ten-year-old son and his grandmother, another family member, and an ex-colleague, in total disregard of their privacy interests.  See, e.g., Compl. ¶¶ 39, 50, Ex. A.

Short of total anonymity, "there are [] alternative mechanisms for protecting the confidentiality of the plaintiff," Sealed Plaintiff, 537 F.3d at 190 (tenth factor), that can mitigate the potential harms of disclosure, such as "sealing and redacting certain documents containing sensitive information . . . ." Gong Xi Fa Cai, 2019 WL 3034793, at *3 (internal quotation marks, citations, and alteration omitted).  Plaintiff thus fails to establish that disclosure of her identity presents a severe risk of harm.

"In considering the sixth factor," which evaluates the prejudice to defendants absent disclosure, "courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." Fowler, 2021 WL 1738349, at *6 (internal quotation marks and citations omitted). Although defendants know who plaintiff is, concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery.  See id. at *7.  In addition, plaintiff levies serious, reputation-threatening accusations against defendants that have already garnered significant media attention.[3]  "[C]ourts have

---

[3] See, e.g., Rebecca Rosenberg, "Married NYC businessman secretly recorded live-in assistant in bathroom, lawsuit claims," N.Y. Post (Oct. 11, 2021),

found that defending against such allegations publicly, while a plaintiff is permitted to make her 'accusations from behind a cloak of anonymity,' is prejudicial." Gong Xi Fa Cai, 2019 WL 3034793, at *2 (quoting Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). As such, the sixth factor also weighs against plaintiff.[4]

With respect to the seventh factor, which asks whether plaintiff's identity has thus far been kept confidential, plaintiff asserts that although there has been press coverage about her case, she has been identified only as Jane Doe and remains anonymous to the general public. Pl's Mem. at 7. Assuming, arguendo, that plaintiff's representation is accurate, this factor weighs in her favor even though defendants know who she is. See Gong Xi Fa Cai, 2019 WL 3034793, at *2 (finding seventh factor favors plaintiff where only defendants knew plaintiff's identity). Ultimately, however, the seventh factor is not significant enough to tip the scales. See Weinstein, 484 F. Supp. 3d at 97.

By contrast, factors eight and nine, which consider the public interests at stake, strongly weigh against permitting plaintiff to

---

https://nypost.com/2021/10/11/married-nyc-businessman-secretly-recorded-live-in-assistant-in-bathroom-lawsuit-claims/.

[4] Plaintiff does not address the related fifth factor, which distinguishes between suits against private parties and suits against the government. Courts are more reluctant to permit anonymity where, as here, a suit involves private individuals, because allegations of misconduct "'may cause damage to their good names and reputations,' among other things." Skyline Automobiles, 375 F. Supp. 3d at 406 (quoting North Jersey Media Group, Inc. v. Doe Nos. 1-5, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012)).

proceed anonymously. Plaintiff argues, without support, that the issues in this case are legal in nature, such that "there is an atypically weak public interest in knowing litigants' identities." Sealed Plaintiff, 537 F.3d at 190 (ninth factor). To the contrary, this is precisely the type of case involving "particular actions and incidents," where open proceedings would "benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." Weinstein, 484 F. Supp. 3d at 97-98 (internal quotation marks and citation omitted). Indeed, in cases such as this one, "[w]hen the allegations involve workplace harassment, courts more commonly find that the public interest counsels against anonymity." Gong Xi Fa Cai, 2019 WL 3034793, at *2. Finally, as this court explained in Fowler:

> "Though . . . the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature."

2021 WL 1738349, at *8 (emphasis in original).

Plaintiff seeks to rely on New York Civil Rights Law § 50-b to bolster her argument that the public interest disfavors disclosure. Pl's Mem. at 8. New York Civil Rights Law § 50-b provides that "[t]he identity of any victim of a sex offense as defined [in the relevant statutes] . . . shall be confidential." However, plaintiff provides

no authority supporting the application of this state law in a federal case.  In any event, it is far from clear that plaintiff's allegations rise to the level of a "sex offense" such that she would be entitled to relief under § 50-b.[5]

## IV.  CONCLUSION

As the foregoing demonstrates, plaintiff has not met her burden of demonstrating that her "interest in anonymity" outweighs the prejudice to defendants and "the customary and constitutionally-embedded presumption of openness in judicial proceedings." Sealed Plaintiff, 537 F.3d at 189 (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001)).  Accordingly, plaintiff's motion to proceed anonymously and for a protective order mandating that defendants keep plaintiff's identity confidential is denied.  Given the sensitivity of the allegations at issue, the Court stays this Order for seven days to enable plaintiff and her counsel to consider this ruling.

    **SO ORDERED.**

Dated:   New York, New York
         October 27, 2021

                                             NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE

---

[5] Since all of plaintiff's claims are brought under New York State and New York City statutes and common law, there would appear to be no barrier to plaintiff discontinuing this lawsuit and re-filing in New York state court in a direct effort to rely on § 50-b, should plaintiff disagree with this Court's reading of the provision.